Margaret BOYER, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.

No. 78–1785.

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1979.

Decided May 11, 1979.

LeRoy M. Steiner, St. Louis, Mo., for appellant.

Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for appellee; Robert D. Kingsland, U. S. Atty., St. Louis, Mo., and Paul P. Cacioppo, Regional Atty., Region VII, and Sheila Greenbaum, Atty., Dept. of Health, Education and Welfare, Kansas City, Mo., on the brief.

Before ROSS, STEPHENSON and HENLEY, Circuit Judges.

STEPHENSON, Circuit Judge.

Appellant Margaret Boyer appeals from the district court's[1] grant of summary judgment for the Secretary of HEW on her petition for review of the final decision of the Secretary denying to her disability benefits. Because we hold there was not sufficient evidence to support the administrative law judge's findings and the district court's decision, we reverse and remand.

Plaintiff-appellant Margaret Boyer was denied disability benefits by the Secretary of HEW. A summary of the medical evidence properly considered by the administrative law judge (ALJ) is summarized in the district court's published opinion. *Boyer v. Califano*, 456 F.Supp. 809, 810–11 (E.D. Mo.1978). Boyer does not contest the legal basis upon which the district court determined the special earnings requirement date cutoff to be June 30, 1976. *Id.* at 810. Thus, in reviewing the ALJ's findings and the district court's opinion, we shall consider only the medical reports that go to Boyer's medical condition prior to June 30, 1976.

The relevant findings of the ALJ are as follows:

### EVALUATION OF EVIDENCE

\* \* \* \* \* \*

\* \* \* Although it is believed the claimant does experience some pain and discomfort in her back and abdomen, it is not believed that the pain reaches the level of severity that it would preclude her from engaging in some of the work she has previously engaged in. She has had a record of working in shoe factories doing light or sedentary work, and has experience as a cashier.

\* \* \* \* \* \*

### FINDINGS

\* \* \* \* \* \*

2. The claimant is 41 years old, has eight years of schooling and has worked as a waitress, dishwasher and a salad maker and in a shoe factory rounding edges of soles, sanding platforms and heels, gluing vamps and as a sole trimmer and inspector and she also worked in quality control for a panel manufacturer and as supervisor of a coloring table for a leather company.

3. The evidence shows the claimant experiences some pain and discomfort in the abdomen and back which would preclude her from doing heavy manual labor or work which requires frequent bending, lifting and stooping or standing for long periods of time but she is able to otherwise function in a normal manner both mentally and physically.

4. The claimant was not prevented from engaging in substantial gainful activity on or before March 31, 1977,[2] the date she last met the special earnings requirements for a continuous period which lasted or could be expected to last for at least 12 months.

5. The claimant was not under a "disability" as defined in the Social Security Act, as amended, at any time on or before March 31, 1977.

We recognize the plaintiff has the burden of proof to establish her right to disability benefits. *Timmerman v. Weinberger*, 510 F.2d 439, 443 (8th Cir. 1975). However, this court has also held that once plaintiff demonstrates her impairment is such that it precludes her from performing her former work, the Secretary must then prove that "there is some other kind of substantial gainful employment" that plaintiff can perform. *Brinker v. Weinberger*, 522 F.2d 13, 17 (8th Cir. 1975).

■ The ALJ made a particular finding in this case that Boyer had proved an impairment of pain and that such pain dis-

---

1. The Honorable Roy W. Harper, Senior United States District Judge for the Eastern District of Missouri.

2. As mentioned earlier, this date was later determined to be June 30, 1976.

abled Boyer to the extent that she was precluded from "doing heavy manual labor or work which requires frequent bending, lifting and stooping or standing for long periods of time * * *." The ALJ then determined that Boyer was not, however, precluded "from engaging in substantial gainful activity" and thus she was not under a disability as defined by the Social Security Act.[3]

There is not sufficient evidence to support this latter finding. Initially, all of Boyer's former jobs appear to entail standing for long periods of time. The ALJ found that Boyer had worked as a waitress, a dishwasher and salad maker; in a shoe factory rounding edges of soles, sanding platforms and heels, gluing vamps, and as a sole trimmer and inspector; as a quality controller for a panel manufacturer; and as supervisor of a coloring table for a leather company. However, the ALJ does not indicate which of Boyer's prior jobs she is capable of performing with her existing pain-disability.

■ Secondly, without the benefit of the testimony of a vocational expert, or other competent evidence, there is no evidence upon which the ALJ could have relied in making his determination that there was other substantial gainful employment reasonably available which Boyer could perform.[4] *Dressel v. Califano*, 558 F.2d 504, 508 (8th Cir. 1977). In fact, the ALJ specifically questioned Boyer about her job for the shoe company, asking her if she had to stand or sit in the performance of that job. Boyer replied that she stood up at the job. This creates an inconsistency with the ALJ's statements that (1) she could not stand for long periods of time, and (2) that she could engage in work in a shoe factory. *Compare* ALJ's "Evaluation of Evidence" excerpt *with* ALJ's "Finding" No. 3, *supra*.

Our court has stated:

Theoretical ability to engage in substantial gainful activity is not sufficient; a determination must be made on what the claimant can do and what employment opportunities exist for a person who can do only what the claimant can do.

*Dressel v. Califano, supra*, 558 F.2d at 507.

We thus find it necessary to reverse and remand this decision to the district court with directions to remand to the Secretary for testimony by a vocational expert or other competent evidence as to Boyer's ability or lack thereof to perform any reasonably available substantial gainful activity, taking into consideration her age, education, work experience and pain-disability. 42 U.S.C. § 423(d)(2)(A).

■ We are further troubled by the medical evidence in this case. There is ample evidence indicating that Boyer has had substantial physical, and possibly mental, health problems; the evidence in the record, however, is lacking in the respect that it is not focused upon the relevant time period.

Further, the major medical report of which the district court takes note, Dr. Hayes' letter of April 22, 1976, states that although Dr. Hayes does not believe that Boyer's pain was "totally" disabling, further investigation is recommended. "The essence of the examiner's duty under the Act * * * is that he *fully* and *fairly* develop the facts." *Sellars v. HEW*, 458

3.  42 U.S.C. § 423(d)(1) provides that the term "disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; * * *."

4.  The only evidence we discern from the record that lends support to the ALJ's determination that Boyer could do other work is the report of her personal physician, Dr. Hayes, who stated:

I believe this patient's abdominal pain and low back pain to be real but do not feel that they are such a severity that this patient would be classified as being totally disabled and incapable of working. I can see no reason why this patient should not be capable of employment. I feel that before this patient should be placed on total disability that additional investigation should be carried out to determine exactly what her physical limitations really are as concerns her activities outside the home as well as in the home. This is far from sufficient evidence to support a determination of non-disability.

F.2d 984, 986 (8th Cir. 1972). Because we are remanding this case for further testimony concerning plaintiff's job capabilities and the reasonable availability of such employment, the case should also be reopened—for full and fair development of the record—to allow additional medical evidence to be submitted within a reasonable length of time by Boyer as to her disability during the relevant period.

Reversed and remanded.