**Beulah WATSON, Appellant,**

v.

**Joseph CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

**No. 79–1543.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1980.

Decided March 4, 1980.

Anthony W. Bartels, Jonesboro, Ark., for appellant.

Verrell L. Dethloff, Jr., Dept. of Health, Ed. and Welfare, Baltimore, Md., argued, Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., W. H. Dillahunty, U. S. Atty., and Richard M. Pence, Jr., Asst. U. S. Atty., Little Rock, Ark., and Natalie R. Dethloff, Atty., Dept. of Health, Ed. and Welfare, Baltimore, Md., on brief, for appellee.

Before GIBSON, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Beulah Watson asks this Court to review the decision of the Secretary of Health, Education and Welfare denying her Social Security disability benefits. Although Mrs. Watson has only a fourth grade education, she can read and write and has worked as a waitress, seamstress and stock inventory clerk. Her claim for disability benefits is based on the assertion that, at least since May of 1975, she has been unable to do any kind of work because of pain in her back, hip and legs.

A treating orthopedist concluded in his September 16, 1975, report that Mrs. Watson's only physical limitations were related to "heavy lifting, excessive stooping, squatting, bending, or prolonged weight bearing." Approximately one month later, the same orthopedist concluded that he did "not believe [Mrs. Watson] would be able to resume gainful occupation." This conclusion,

however, was found by the administrative law judge to be unsupported by medical findings. Furthermore, a consulting orthopedist concluded in his January 2, 1976, report that although Mrs. Watson should not be required to do heavy lifting, bending or stooping, she "would be able to perform some type of sedentary type work and possibly some light work."

The administrative law judge reviewed this and other evidence and concluded that Mrs. Watson's medical problems would not prevent her from performing the work of a stock inventory clerk, the last job she had. That work, the administrative law judge found, did not involve heavy lifting, bending or stooping—the activities that were precluded by Mrs. Watson's disability. We have reviewed the record and are satisfied that the decision of the administrative law judge is supported by substantial evidence on the record as a whole.

This case is not free from doubt; because Mrs. Watson is sixty-four years of age and has a limited education and employment record, it will undoubtedly be difficult for her to find work. But this case is unlike other recent cases decided in this Circuit, *see, e. g., Stephens v. Secretary of Health, Ed. & Welfare*, 603 F.2d 36 (8th Cir. 1979); *Boyer v. Califano*, 598 F.2d 1117 (8th Cir. 1979), since the administrative law judge specifically found that Mrs. Watson could return to her former occupation. If the administrative tribunal had merely concluded that Mrs. Watson could perform some type of light, and sedentary work, without reference to specific employment, we would have a different case.

One further matter needs to be considered. Subsequent to the decision of the administrative law judge, a third doctor examined Mrs. Watson and concluded that she had some disability but that she could engage in "sedentary type work as outlined by the Social Security guidelines." Mrs. Watson now requests that we remand to the administrative law judge for consideration of this evidence. We decline to do so because the information contained in the additional medical report is essentially cumulative.

Affirmed.