**Arlene F. BEELER, Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services of the United States, Appellee.**

**No. 87–1377.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1987.
Decided Nov. 16, 1987.

Robert W. Pratt, Des Moines, Iowa, for appellant.

Stacy Parkinson, H.H.S., Kansas City, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

LAY, Chief Judge.

Arlene Beeler appeals from the judgment of the district court entered in favor of the Secretary of Health and Human Services (Secretary) denying her disability benefits under 42 U.S.C. § 423. For the reasons discussed below, we reverse the decision of the district court and remand to the Secretary with directions to enter an award for the claimant.

**Background**

Ms. Beeler is a fifty-four year old woman with a history of chronic myofascitis,[1] arthritis and muscle pain. She has an eighth grade education with a general equivalency diploma. Her employment history shows that she had previously worked as a 10–key adding machine operator, an office worker, and a bartender. In August, 1980, Ms. Beeler fell and injured her coccyx (tailbone). On February 3, 1981, she had her tailbone surgically removed. She subsequently filed several applications for disability insurance benefits with the Department of Health and Human Services alleging inability to work since December 16, 1980, due to arthritis in her hips, legs, feet and hands, and her inability to even sit for extended periods.

On July 3, 1981, Dr. Lon R. Brewer performed a consultative examination of Ms. Beeler. He diagnosed residuals of coccygectomy and postural mechanical backache secondary to muscular spasms due to the claimant's recent surgery. On January 25, 1982, Dr. John A. Grant concluded that Ms. Beeler was "currently totally disabled from performing much of any type of work" because of her intolerance of sitting or standing in one position for any length of time. On March 30, 1982, Dr. John H. Zittergruen noted that Ms. Beeler walked with an obvious list to the right, exhibited some limitations in motion in her right hip and lower back and had decreased muscle strength in her right leg. Dr. Zittergruen also noted that he "was unable to rotate [Ms. Beeler's] right hip because of severe pain." X-rays of the claimant's spine taken at that time showed scoliosis. Following an examination in April, 1982, Dr. Dale M. Grunewald diagnosed a lumbosacral strain, a neurally herniated degenerative disc, and some subtrochanteric bursitis. Dr. Brewer reexamined Ms. Beeler on April 4, 1983. At that time, she was continuing to complain of low back pain and swelling and stiffness in her hands. X-rays of appellant's spine showed mild degeneration of the articulation facets of the L–5, S–1 vertebrae and mild scoliosis. There was a decrease in range of motion in the affected joints. Dr. Brewer diagnosed possible coccyxdynia and possible lumber facet syndrome. The claimant was examined by Dr. S. Danielson on April 12, 1985. Although Dr. Danielson found no evidence of atrophy or swelling in any affected joints, he did

---

1. Inflammation of the muscle and its fascia.

find that strength was significantly decreased in her right arm and leg and that she had "a significant amount of pain." X-rays showed some scoliosis and demineralization in the lumbar spine and a pelvic tilt over the left hip. Dr. Danielson diagnosed trigger-area myofascial type pain and possible osteoarthritic changes of the hips. On May 6, 1985, Ms. Beeler was examined by Dr. Stuart R. Winston. After a thorough examination, Dr. Winston stated that he would consider the claimant "totally disabled from performing much of any kind of work since she cannot tolerate sitting, standing, walking, and doing all of those things which are normally consistent with productive gainful employment."

At a supplemental hearing[2] held on August 20, 1985, Ms. Beeler testified that she was currently unable to work because of tenderness and pain in the area where her tailbone was removed which radiated down her right side, pain in her neck which radiated down her right arm, arthritis in her back and right extremities, headaches and dizziness. Ms. Beeler stated that she experienced limitations in walking, standing, lifting, and sitting. She said that she was unable to bend and could stoop or squat only with help. Ms. Beeler said that she was unable to extend her right arm or lift her arm above her shoulder. She also testified that she often dropped things she was holding with her right hand because of a lack of grip. In response to the ALJ's question regarding how much weight she could lift, Ms. Beeler stated that she could lift a gallon of milk, but added she could do so only occasionally because it hurt her back. The claimant also testified that she experienced pain when she was sleeping, and that the pain was worse in the morning and exacerbated by damp weather or physical activity. Although she testified that she was taking pain relief medication, she stated the medication "just dulls the pain." She stated that she had not seen a physician for treatment since her hospitalization

in July, 1982, because she was unable to afford the expenses.

The ALJ found that the claimant was not under a disability as defined in the Social Security Act because she had the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(e); see also Metcalf v. Heckler, 800 F.2d 793, 797 (8th Cir.1986); Watson v. Califano, 618 F.2d 18, 19 (8th Cir.1980). Although the ALJ found that Ms. Beeler had a severe status post coccygectomy, early degenerative changes in her right hip, and chronic myofascitis, he found that her allegations of disabling pain were not credible because they were not supported by clinical findings. He also found inconsistencies in her testimony. The Appeals Council adopted the ALJ's decision, making it the final decision of the Secretary. On appeal, the district court affirmed the decision of the Secretary.

**Discussion**

■ In Polaski v. Heckler, 739 F.2d 1320 (order), supplemented, 751 F.2d 943 (8th Cir.1984), vacated, —— U.S. ——, 106 S.Ct. 2885, 90 L.Ed.2d 974, adhered to on remand, 804 F.2d 456 (8th Cir.1986), cert. denied, —— U.S. ——, 107 S.Ct. 3211, 96 L.Ed.2d 698 (1987), we set forth the factors the Secretary must consider in evaluating complaints of pain. We held that the ALJ must consider, in addition to objective medical evidence, any evidence relating to claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as daily activities; duration, frequency, and intensity of pain; dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. 751 F.2d at 948. Although in the instant case the ALJ stated that he considered the claimant's subjective complaints pursuant to these factors, it appears that the only factor to which the ALJ gave any weight

---

**2.** An initial hearing was held on August 30, 1983. The ALJ issued a decision adverse to the claimant on October 21, 1983. Her request for review of this decision was denied on December 8, 1983. She then filed a petition for review in district court on February 1, 1984. On Septem-

ber 20, 1984, the Secretary filed a Motion to Remand for consideration in light of recent decisions of this court. The district court granted this motion and the Appeals Council remanded the case to the ALJ on March 14, 1985. This hearing followed.

was the absence of any objective medical basis which supports the degree of severity of Ms. Beeler's subjective complaints. Such strict reliance on objective medical evidence is, as we have repeatedly held, contrary to the law of this circuit. *See, e.g., Marshall v. Heckler,* 731 F.2d 555 (8th Cir.1984). An ALJ may not reject subjective complaints solely because of lack of objective medical evidence. *Benson v. Heckler,* 780 F.2d 16, 17 (8th Cir.1985) (citation omitted).

Although the ALJ emphasized that several medical examinations did not produce evidence of objective orthopedic or neurologic findings, this completely disregards the statements of several physicians, including those who conducted consultative examinations at the request of the ALJ and diagnosed Ms. Beeler as suffering from severe status post coccygectomy, early degenerative changes in her right hip, scoliosis, neurally herniated degenerative disc, subtrochanteric bursitis, osteoarthritis, lumbar facet syndrome, demineralization of the lumbar spine, and chronic myofascitis. In addition to this objective medical evidence, Ms. Beeler also testified with respect to the pain she suffered. She stated that the pain was frequent and intense. The evidence demonstrates that she was hospitalized on three separate occasions because of her continuing pain. She also testified that her pain was aggravated by damp weather or physical activity. Ms. Beeler also stated that although she used both over-the-counter and prescription medication, their effectiveness was limited. Finally, the claimant testified with respect to her considerable functional restrictions. Ms. Beeler's husband generally corroborated her testimony regarding her suffering. In light of the overall record, we find the ALJ failed to follow this court's earlier statements with respect to the proper evaluation of pain. *See, e.g., Fraction v. Bowen,* 787 F.2d 451, 453 (8th Cir.1986); *Jelinek v. Heckler,* 764 F.2d 507, 509–10 (8th Cir.1985).

We have also held that subjective complaints may be discounted if "there are inconsistencies in the evidence as a whole." *Herbert v. Heckler,* 783 F.2d 128, 131 (8th Cir.1986) (citation omitted). In the instant case, the only inconsistencies that the ALJ indicated were the statements of the claimant that the pain she now suffers is different from the pain experienced when she injured her tailbone, and her testimony that she sometimes dropped coffee cups coupled with her testimony that she could lift a gallon of milk. With respect to the testimony regarding the differing pain she experienced, the evidence clearly demonstrates that Ms. Beeler was suffering from *both* severe status post coccygectomy *and* early degenerative changes of the right hip and chronic myofascitis. The ALJ specifically acknowledged this in his decision. We find nothing inconsistent with this testimony. Moreover, when the claimant testified that she often dropped a cup of coffee or a glass of water, she was responding to a question regarding her ability to hold items continuously with her right hand. She was later asked by the ALJ how much weight she could lift. The claimant testified that she could lift a gallon of milk but not frequently because it hurt her back. We find nothing inconsistent in these two statements. This evidence cited by the ALJ supporting his recommendation carries little weight when contrasted with both the objective proof and subjective complaints of the claimant. As a result, we hold that the Secretary's finding that Ms. Beeler's allegations of disabling pain were not credible is not supported by substantial evidence on the record as a whole. *Smith v. Heckler,* 735 F.2d 312, 315 (8th Cir.1984).

Ordinarily, where the Secretary has erroneously found that a claimant can return to her prior work, we will remand for further proceedings. *Gavin v. Heckler,* 811 F.2d 1195, 1201 (8th Cir.1987). In a case such as this, however, where the total record overwhelmingly supports a finding of disability and the claimant has demonstrated her disability by evidence on the record as a whole, we find no need to remand. *E.g., Cook v. Bowen,* 797 F.2d 687, 691 (8th Cir.1986); *Smith v. Heckler,* 735 F.2d at 318. In the instant case, a vocational expert opined that if Ms. Beeler's complaints

of pain were found to be credible, she would be unable to do any of her past relevant work and that she could transfer her acquired skills to "a very limited number of jobs." This does not meet the requirement concerning transferable skills.[3] Because we find that the claimant's allegations of disabling pain were credible, and that substantial evidence on the record as a whole supports Ms. Beeler's claims of disability within the meaning of the Social Security Act, a remand is unnecessary. *Talbott v. Bowen,* 821 F.2d 511, 515 (8th Cir.1987). "Where further hearings would merely delay receipt of benefits, an order granting benefits is appropriate." *Parsons v. Heckler,* 739 F.2d 1334, 1341 (8th Cir.1984).

The judgment of the district court is reversed, and the case remanded to the district court with directions to remand to the Secretary for computation and payment of benefits.

---

**3.** 20 C.F.R. § 404.1566(a) provides:

General. We consider that work exists in the national economy when it exists in *significant* numbers either in the region where you live or in several other regions of the country * * * (emphasis added).

In the present case, the vocational expert testified that Ms. Beeler "probably could do some of the at home telephone solicitation jobs that are available * * * we're talking about approximately 10 in Poke County, approximately 50 in Iowa and approximately *5,000 in the United States.*"