**Thomas E. DIXON, Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.**

**No. 89–2800.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1990.

Decided June 12, 1990.

Rehearing and Rehearing En Banc Denied July 17, 1990.

Thomas E. Dixon, pro se.

Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ARNOLD, JOHN R. GIBSON, and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Thomas E. Dixon appeals pro se from the District Court's [1] order affirming the decision of the Secretary of Health and Human Services denying Dixon's applications for disability insurance benefits and supplemental security income benefits. Dixon argues that the Administrative Law Judge's determination that he could return to his past relevant work was not supported by substantial evidence, and that not "all information supplied to the case was admitted" into the record. Brief for Appellant 3. Dixon also states that his disability began in February 1986, not March 4, 1985, as reflected in his August 18, 1986 application. We affirm.

■ Judicial review of disability determinations is limited to assessing whether there is substantial evidence on the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); *Bogard v. Heckler*, 763 F.2d 361, 362–63 (8th Cir.1985). A claimant bears the burden of showing that his impairments prevented him from performing his past relevant work. *Turpin v. Bowen*, 813 F.2d 165, 170 (8th Cir.1987).

■ We have thoroughly reviewed the record. Dixon worked with his impairments over a period of years without any worsening of his condition. Thus, he cannot claim them as disabling. See *Easttam v. Secretary of HEW*, 364 F.2d 509, 513 (8th Cir.1966). His headaches are controlled by medication; there is no evidence to support his claims of disabling jaw misalignment; and by Dixon's own admission his right knee has not presented a serious problem since February 1986. Finally, Dixon's subjective complaints of lower back pain were properly discounted by the ALJ because they were not corroborated by the medical evidence, and because Dixon's testimony was contradictory and inconsistent both within itself and with his earlier statements to the Secretary. See *Benskin v. Bowen*, 830 F.2d 878 (8th Cir.1987).

■ ALJs must seriously consider a claimant's testimony about pain, even when it is wholly subjective. But questions of credibility are for the trier of fact in the first instance. If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment. There is no claim that the ALJ did not appropriately consider the list of factors set out in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir.1984) (subsequent history omitted). The objective medical evidence, including the views of Dixon's treating physician, does not indicate a condition that could be reasonably expected to produce pain of the intensity Dixon claims. And, as already noted, Dixon has not consistently told the same story. Finally, when he left his last regular job in March 1985, it was because he was fired after

---

1. The Hon. William L. Hungate, United States District Judge for the Eastern District of Missouri. Judge Hungate acted on the recommendation of the Hon. William S. Bahn, United States Magistrate.

being arrested for allegedly distributing marijuana—not because of the physical problems he now claims.

Although Dixon asserts that not "all information supplied to the case was admitted" into the record, he has not told us what facts were left out. The allegation that disability commenced in February 1986, not March 4, 1985, in no way affects the merits of the claim.

Accordingly, the judgment of the District Court is affirmed.