**Debra COTTON, Plaintiff,**

v.

**John J. CALLAHAN, Ph.D.[1] Acting Commissioner of Social Security, Defendant.**

**Civil No. 3–96–CV–10168.**

United States District Court, S.D. Iowa, Davenport Division.

Aug. 8, 1997.

**1.** President Clinton appointed John J. Callahan to serve as Acting Commissioner of Social Security, effective March 1, 1997, to succeed Shirley S. Chater. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, John J. Callahan is hereby substituted for Shirley S. Chater, as the defendant in this action.

Michael Depree, Bowman & Depree, Davenport, IA, for Plaintiff.

Gary A. Hawyard, Asst. U.S. Atty., Des Moines, IA, for Defendant.

## ORDER

LONGSTAFF, District Judge.

Plaintiff seeks review of the Commissioner of Health and Human Services' decision denying her disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and supplemental security income benefits ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decision of the Commissioner.

## I. PROCEDURAL HISTORY

Plaintiff Debra Cotton, age 40 on the date of the hearing, applied for SSI on January 11, 1994, alleging disability since January 28, 1994. She was denied benefits and a reconsideration of that decision. She filed an additional application for disability insurance benefits on January 9, 1996, which application was also denied initially and on reconsideration. A hearing was held on January 9, 1996 before an administrative law judge ("ALJ"). In a written decision dated February 21, 1996, the ALJ found plaintiff was not under a disability as defined by the Act, and denied her application. On October 25, 1996, after considering additional evidence, the Appeals Council of the Social Security Administration denied plaintiff's request for review. The decision of the ALJ thus stands as the final decision of the Commissioner. This action for judicial review was commenced November 14, 1996.

## II. FINDINGS OF THE COMMISSIONER

The ALJ found the medical evidence to establish that plaintiff suffers from: "severe left arm damage, mitral valve prolapse, and pain, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." Tr. 17.

The ALJ determined that plaintiff's testimony concerning the severity and intensity of her symptoms was not fully credible. Tr. 17. The ALJ further found plaintiff has the residual functional capacity:

> to perform the physical exertion and nonexertional requirements of work except for being limited to lifting up to 20 pounds occasionally and up to 10 pounds frequently with her right arm, but lifting only 5 pounds with her left arm, has to have a seated job, limited in pushing and/ or pulling and in lifting overhead with both arms, cannot have repeated strenuous use of her left arm, and needs low physical activity.

The ALJ found that plaintiff's impairments prevent her from returning to her past relevant work as a hand packager, nursery school attendant, housekeeping cleaner, and machine washer, (Tr. 17), but that a significant number of sedentary jobs exist in the national economy that plaintiff is able to perform. Tr. 18.

## III. APPLICABLE LAW AND DISCUSSION

### A. Governing Law

■ A court must affirm the decision of the Commissioner if substantial evidence on the record as a whole supports the decision. 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Johnson v. Chater,* 108 F.3d 942, 943 (8th Cir.1997). A court may not reverse merely because substantial evidence would have supported an opposite decision. *Locher v. Sullivan,* 968 F.2d 725, 727 (8th Cir.1992). "If, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Mapes v. Chater,* 82 F.3d 259, 260 (8th Cir.1996).

In the present case, plaintiff asserts that the Commissioner erred in several respects. First, she argues that the ALJ erred by improperly discrediting her subjective testi-

mony. Second, she asserts that the ALJ failed to give the opinions of her treating physicians sufficient consideration. Thirdly, plaintiff argues that the ALJ improperly applied the "grids" to conclude that she was not disabled. Finally, plaintiff asserts that the vocational expert testimony did not constitute substantial evidence in the record as a whole.

### B. Plaintiff's Subjective Complaints

■ The Commissioner may discount subjective complaints when they are inconsistent with the record as a whole. *See Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir.1995); *Stout v. Shalala,* 988 F.2d 853, 855 (8th Cir.1993). While the lack of objective medical evidence is one factor to consider, an ALJ is prohibited from disregarding a claimant's subjective testimony solely because it is contradicted by objective medical evidence. *Beeler v. Bowen,* 833 F.2d 124, 127 (8th Cir.1987). To determine whether a claimant's subjective complaints are credible, an ALJ must consider all relevant information, including "the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984). The ultimate issue is not whether plaintiff experiences pain, but whether his subjective complaints of pain are credible to the extent that the pain is disabling. *See Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993); *Pickner v. Sullivan,* 985 F.2d 401, 404 (8th Cir.1993).

■ In the present case, although the ALJ states he considered the *Polaski* factors in discounting plaintiff's complaints of pain, the Court finds the record is not sufficiently developed to support his conclusions. For example, the ALJ asserts plaintiff's hearing testimony was inconsistent with reports given to her treating physician, presumably regarding her complaints of pain. Tr. 14. The ALJ fails to explain the alleged inconsistencies, however. In a somewhat similar case, in which the plaintiff complained of severe back pain and an alleged need to lie down during the day, the Eighth Circuit held:

> [T]he lack of information contained in any of the reports completed by [plaintiff's] doctors does not qualify as an inconsistency in the evidence as a whole. The medical reports certainly made no attempt to catalog [plaintiff's] every pain and her behavior resulting from the pain.

*Taylor v. Chater,* 118 F.3d 1274, (8th Cir. 1997). Furthermore, supplemental reports provided to the Appeals Council establish that plaintiff did report severe pain to her orthopedist, Joseph Buckwalter, M.D.—even after her surgery to excise the tumor. Although plaintiff's left arm pain lessened in the first two weeks following surgery (Tr. 219), three weeks later she reported that she was again experiencing pain in her left elbow "similar to the pain that she had before the procedure." Tr. 220. On remand, the ALJ is directed to reevaluate plaintiff's complaints of pain based not only on her testimony but on recent medical reports. If plaintiff's pain has in fact lessened since July 31, 1995, the appropriateness of a closed period of disability should be considered.

The ALJ also asserts plaintiff's daily activities are inconsistent with disabling pain. Again, however, the ALJ fails to clarify which activities are inconsistent with disability. There was virtually no discussion of plaintiff's daily activities during the hearing. Although plaintiff completed an Activities of Daily Living Questionnaire in April, 1994 (Tr. 124–29), this report does not provide sufficient detail to make a determination on the frequency or duration of various activities.

Finally, the ALJ misconstrued plaintiff's previous ability to work with her pain. *See e.g. Naber v. Shalala,* 22 F.3d 186, 189 (8th Cir.1994)(claimant's ability to work with an impairment detracts from a finding of disability). A review of the record reveals that plaintiff's left arm pain became progressively worse over the years until the tumor finally was diagnosed in January, 1994. Specifically, plaintiff testified that the pain was so intense she was going to the doctor "three or four times a week" during her final weeks of employment. Tr. 38. When asked specifically whether she was able to work with this

degree of pain, plaintiff responded, "Well, I was doing the work. I mean I was in severe pain all the time but I was still working because I had no choice." Tr. 39. This scenario cannot accurately be described as a "successful work experience."

On remand, the ALJ is directed to more fully develop plaintiff's complaints of pain and fatigue, and to evaluate them according to the dictates of *Polaski*. If the ALJ continues to find plaintiff's subjective complaints exaggerated, he or she must clearly explain his or her reasoning in the written opinion.

### C. Opinion of the Treating Physician

■ The Court also finds the ALJ failed to adequately develop the concerns raised by plaintiff's treating cardiologist, Stephen Alldredge, D.O. Dr. Alldredge indicated in a letter to plaintiff's counsel that rest is "extremely important" for an individual with mitral valve prolapse, and that fatigue is a well-known side effect of the medication Lopressor. Tr. 205. He does not quantify the amount of rest needed, however, nor indicate whether plaintiff's condition would prevent her from working a normal workday. On remand, the ALJ is directed to solicit further information from Dr. Alldredge concerning the precise effects of plaintiff's medication, and whether she must take a mid-day nap.[2]

### D. Application of the "Grids"

■ Plaintiff next argues that the ALJ erred in applying the Medical–Vocational Guidelines, or "grids," based on the fact plaintiff complains of nonexertional impairments. It is error for an ALJ to rely exclusively on the Guidelines when a claimant is found to have both exertional and nonexertional impairments that limit his or her ability to perform the full range of work in a specific Guidelines category. *See e.g. Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir.1997); *Thompson v. Bowen*, 850 F.2d 346, 349 (8th Cir.1988). The ALJ is directed to again consult a qualified vocational expert on remand unless he or she expressly discredits all of plaintiff's nonexertional complaints. *See e.g. Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir.1996) (ALJ need not consult voca-

tional expert when nonexertional impairments properly discredited).

In the event a vocational expert is asked to testify, the ALJ should make sure to solicit testimony concerning the number and geographic location of specific jobs identified. As noted by plaintiff, the Eighth Circuit has previously found the lack of such information to constitute partial grounds for a remand. *Ellison v. Sullivan*, 921 F.2d 816, 821 (8th Cir.1990).

### IV. CONCLUSION

For the foregoing reasons,

The Commissioner's decision is not supported by substantial evidence in the record as a whole. IT IS SO ORDERED that the decision of the Commissioner is **reversed** and the case is **remanded** for further proceedings consistent with this order. The Clerk of Court shall immediately enter judgment for plaintiff which triggers the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act). *See Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

---

**2.** The court notes there is evidence in the record plaintiff took the medication Lopressor while employed full-time. Tr. 154. If plaintiff was indeed able to work for a significant period while on this medication, her current complaints of disabling fatigue would be less credible.