# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4358

_____

Tammie Peck,                 *
                                  *
         Appellant,        *
                                  *    Appeal from the United States
    v.                        *    District Court for the
                                  *    Eastern District of Arkansas.
Kenneth S. Apfel, Commissioner of    *
Social Security,            *          [UNPUBLISHED]
                                  *
         Appellee.         *

_____

Submitted: December 7, 1998

Filed: December 18, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Tammie Peck appeals the district court's[1] grant of summary judgment affirming the Social Security Commissioner's decision to deny her application for disability insurance benefits (DIB) and social security income (SSI). We affirm.

_____

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Ms. Peck filed the instant applications for DIB and SSI alleging she was disabled due to back injury, fibromyalgia, carpal tunnel syndrome, and headaches. The administrative law judge (ALJ) found that Ms. Peck had severe impairments, but that they did not meet or equal a listed impairment, and that she retained the residual functional capacity to return to her past relevant work as a motel clerk and office worker. Ms. Peck contends that the ALJ erred in discounting her subjective complaints of pain, and in failing to consider all of her medical records in making his determination.

We review the ALJ's decision to determine whether it is supported by substantial evidence in the record as a whole--that is, whether there exists relevant evidence that a reasonable person might accept as adequate to support the conclusion. See Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992) (standard of review). We find that the ALJ relied upon proper factors in discounting Ms. Peck's subjective complaints of pain under the standards set out in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ considered the lack of objective medical evidence, the lack of medical opinions finding Ms. Peck to be totally disabled, and the ALJ's assessment that Ms. Peck remained fairly active in her daily life despite her complaints. See Haynes v. Shalala, 26 F.3d 812, 814-15 (8th Cir. 1994) (ALJ may consider daily activities inconsistent with complaints of disabling pain); Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir. 1992) (opinion of treating physician entitled to substantial weight); Beeler v. Bowen, 833 F.2d 124, 126-27 (8th Cir. 1987) (absence of objective medical evidence is one factor ALJ may consider); see also Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990) (if ALJ explicitly discredits claimant's testimony and gives good reason for doing so, this court normally defers to ALJ's judgment).

We find further that substantial evidence in the record supports the ALJ's determination that Ms. Peck can return to her past relevant work, see Dixon, 905 F.2d at 238 (claimant has burden of proving she cannot return to past relevant work), and that the ALJ properly analyzed her mental impairment, see 20 C.F.R. § 416.920a(b)(3)

and (c)(1) (1998).  Finally, we find that the Appeals Council did not err in declining to consider the new evidence Ms. Peck submitted, as it is cumulative and would not have changed the decision of the ALJ.  See Riley v. Shalala, 18 F.3d 619, 623 (8th Cir. 1994); Nelson v. Sullivan, 966 F.2d 363, 366-67 (8th Cir. 1992).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.