**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 15 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WILLIAM B. EDEN,

         Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

         Defendant-Appellee.

No. 04-7019
(D.C. No. 03-CV-177-WH)
(E.D. Okla.)

ORDER AND JUDGMENT  *

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **MARTEN** ,** District
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable J. Thomas Marten, District Judge, United States District
Court for the District of Kansas, sitting by designation.

Plaintiff William B. Eden appeals the district court's affirmance of the decision of the Commissioner of the Social Security Administration denying his applications for disability insurance and supplemental security income (SSI) benefits. Mr. Eden argues (1) the administrative law judge (ALJ) erred by failing to find that he suffers from a severe psychological impairment, and (2) the ALJ failed to properly evaluate his treating physicians' opinions. We have jurisdiction to review this appeal under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

In his applications for disability insurance and SSI benefits, Mr. Eden claimed disability as of May 15, 1998, due to chronic low back pain with numbness in his left foot, neck and shoulder pain, inability to raise his arm above his head or to hold his arms above chest level very long, weakness in his hands causing him to drop things, and depression with a prior suicide attempt. The claims were denied initially and on reconsideration. After holding a de novo hearing, the ALJ denied benefits. For several reasons, the Appeals Council remanded for further proceedings. A new ALJ held a second hearing, and subsequently decided that Mr. Eden was not entitled to benefits. In doing so, the ALJ determined at step two of the five-step sequential test for evaluating disability that Mr. Eden did not have a severe impairment caused by either substance abuse or depression and at step four that he can perform his past

-2-

relevant work as a dispatcher. *See* 29 C.F.R. §§ 404.1520, 416.920 (setting forth five-step test).

The Appeals Council denied Mr. Eden's request for review, making the ALJ's decision the final decision of the Commissioner. Thereafter, Mr. Eden sought judicial review in the district court, asserting the same claims that he asserts on appeal. The magistrate judge issued findings and a recommendation to affirm the denial of benefits, which the district court adopted. Mr. Eden appealed.

Like the district court, "[w]e review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotations omitted). We will not reweigh the evidence or substitute our judgment for that of the Commissioner. *Decker v. Chater*, 86 F.3d 953, 954 (10th Cir. 1996).

I.

Mr. Eden argues the ALJ erred in failing to find that he suffers from a severe psychological impairment. He further contends that in considering whether he suffers from such an impairment, the ALJ erroneously rejected

-3-

substantial medical evidence showing that he is limited in his ability to do work-related activities due to an impairment.

At step two, the claimant must prove that he has a medically severe impairment or combination of impairments that significantly limits his ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities are 'abilities and aptitudes necessary to do most jobs.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (quoting 20 C.F.R. § 404.1521(b)); *see also* 20 C.F.R. § 416.921(b). Basic work activities include "[u]nderstanding, carrying out, and remembering simple instructions;" "[u]se of judgment;" "[r]esponding appropriately to supervision, co-workers and usual work situations;" and "[d]ealing with changes in a routine work setting." 20 C.F.R. §§ 404.1521(b)(3)-(6), 416.921(b)(3)-(6).

"The step two severity determination is based on medical factors alone . . . ." *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003). Although step two requires only a "de minimis" showing of impairment, a "claimant must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). To meet his burden, he must furnish medical and other evidence to support his claim. *See Bowen v. Yuckert*, 482 U.S. 137, 146 & n.5 (1987).

There is evidence in the record that Mr. Eden abuses alcohol and has depression and anxiety, for which he has received some treatment. Specifically, the record reflects that in 1997, Dr. Dennis, an internal medicine specialist, recommended that Mr. Eden see a psychiatrist and abstain from alcohol use. Dr. Dennis noted that Mr. Eden had been on several medications for depression and stated that he had been treating Mr. Eden for depression and anxiety. Dr. Dennis did not indicate that Mr. Eden could not work, and indeed Mr. Eden was working full time in 1997.

In 2000, after the Appeals Council remand, Mr. Eden sought mental health treatment at Mental Health Services of Southern Oklahoma upon his attorney's referral. Mr. Eden's counselor recognized that Mr. Eden has slight depression[1] and alcohol abuse problems, but discontinued treatment after six months, because Mr. Eden was not compliant with his treatment plan, failed to attend counseling sessions, actually attended only four sessions and eventually failed to contact his counselor for more than ninety days. The counselor speculated that Mr. Eden may have been using counseling to help with his disability case.

Fourteen months later, in 2002, Mr. Eden began mental health treatment again at Mental Health Services of Southern Oklahoma. The progress notes from his counselors confirm that he has mild depression and anxiety and problems with

---

[1] On one occasion only the counselor noted marked depression.

alcohol abuse. Nothing in the notes suggested he could not work. Rather, they indicate that any impairments to his mental functions were slight.

Mr. Eden points out that he was found to have a Global Assessment of Functioning (GAF) score of 50. The GAF is used by clinicians to report an individual's overall level of functioning. *See* American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders 32 (Text Revision 4th ed. 2000). A score of 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational or school functioning (e.g., no friends, unable to keep a job)." *Id.* at 34 (bolding omitted). As the ALJ noted, nothing explains Mr. Eden's score. No one who rated Mr. Eden's GAF indicated that he could not work. Because a score of 50 may not relate to Mr. Eden's ability to work, the score, standing alone, without further explanation, does not establish an impairment severely interfering with an ability to perform basic work activities.

Mr. Eden challenges the ALJ's decision to reject the Medical Source Statement-Mental form of June 6, 2002 signed by Dr. Zielinski and one of his mental health counselors. [2] Mr. Eden believes Dr. Zielinski's signature shows his

_____

[2]     This Statement indicated Mr. Eden would have moderate difficulty remembering locations and work-like procedures, understanding and remembering very short and simple or detailed instructions, carrying out very short and simple instructions, sustaining an ordinary routine without special supervision, making

(continued...)

agreement with the report. As the ALJ stated, it does not appear from the record that Dr. Zielinski ever conducted any sessions with Mr. Eden or examined him. Also, Mr. Eden cannot and does not refute the ALJ's finding that no explanations or progress reports support the limits set forth on the form. The reports indicate that Mr. Eden's appearance and clothing were always neat, clean and appropriate; he was calm, attentive and cooperative; he interacted with the counseling staff and his group therapy peers; he had no problems with intellectual functioning, thought content, orientation and short term memory; and he had only slight or occasional problems with remote memory, judgment and insight. In other words, these reports show that Mr. Eden has "abilities and aptitudes necessary to do most jobs," including "[u]nderstanding, carrying out, and remembering simple

---

[2](...continued)
simple work-related decisions, asking simple questions or requesting assistance, maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness, responding appropriately to changes in the work setting, being aware of normal hazards and taking appropriate precautions, traveling in unfamiliar places or using public transportation, and setting realistic goals or making plans independently of others. The Statement also indicated he would have marked difficulty carrying out detailed instructions, maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, working in coordination with or proximity to others without being distracted by them, completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods, interacting appropriately with the general public, accepting instructions and responding appropriately to criticism from supervisors, and getting along with coworkers or peers without distracting them or exhibiting behavioral extremes.

instructions;" "[u]s[ing] judgment;" "[r]esponding appropriately to supervision, co-workers and usual work situations;" and "[d]ealing with changes in a routine work setting." 20 C.F.R. §§ 404.1521(b), 416.921(b).

Mr. Eden's work history is also consistent with the medical evidence and inconsistent with his claimed inability to work. He worked during much of the time he alleged he had a severe psychological impairment limiting his ability to perform basic work activities. *See Orrick v. Sullivan*, 966 F.2d 368, 370 (8th Cir. 1992) (per curiam) (deciding that ability to work despite impairment suggests claimant is not disabled); *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990) (holding that because claimant worked with his impairments, he could not claim they are disabling). Specifically, Mr. Eden worked through August of 1998, eight months in 1999, and six months in 2001. [3]

The record as a whole does not show that Mr. Eden's inability to work was caused by psychological factors. *See Williamson*, 350 F.3d at 1100; *cf. Coleman v. Chater*, 58 F.3d 577, 580 (10th Cir. 1995) (recognizing that merely because there is psychological overlay to pain does not mean claimant has mental impairment preventing him from working). Because Mr. Eden failed to show that any psychological impairment significantly limited his ability to engage in basic

---

[3] Mr. Eden testified that he attempted suicide due to pain on December 23, 2001 and never returned to work.

work activities, there is substantial evidence to support the ALJ's decision that any psychological factors are not severe under step two.

Mr. Eden argues that the ALJ should have ordered a consultative examination if he questioned the severity of Mr. Eden's depression and found the record inconclusive. "[W]here the medical evidence in the record is inconclusive, . . . a consultative examination is often required for proper resolution of a disability claim." *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). But "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored" and "may ordinarily require counsel to identify the issue or issues requiring further development." *Id.* at 1167. In this case, counsel was familiar with the record submitted to the ALJ and did not ask for further development of the record. Because Mr. Eden did not "make sure there [was], in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists," the ALJ had no responsibility to order a consulting examination. *Id.*

## II.

Mr. Eden next argues the ALJ erred in failing to fully consider his treating physicians' opinions and erroneously rejected them without finding conflicting evidence. Specifically, Mr. Eden contends that the ALJ (1) failed to discuss

Dr. Dennis' medical report, which documented Mr. Eden's depression as far back as 1997, and (2) summarily dismissed each of his psychological evaluations, including those of Dr. Zielinski, as not credible.

We reject this argument. The ALJ discussed Dr. Dennis' treatment of Mr. Eden on page four of his decision. And the ALJ thoroughly discussed the psychological evaluations on pages six through eight of his decision.

Dr. Zielinski's opinions set forth in the Medical Source Statement-Mental form do not deserve controlling weight because he did not actually treat Mr. Eden, a fact Mr. Eden does not dispute. *See Doyal*, 331 F.3d at 763-64. The opinions of the counselor, who also signed and probably completed the Statement, were not entitled to controlling weight because they were not well supported or consistent with the other substantial evidence in the record. *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002).

Even if the treating sources' opinions are not entitled to controlling weight, they "'are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. §[§] 404.1527 and 416.927.'" *Watkins*, 350 F.3d at 1300 (quoting Social Security Ruling 96-2p, 1996 WL 374188, at *4). The factors are

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a

specialist in the area upon which an opinion is rendered; and
(6) other factors brought to the ALJ's attention which tend to support
or contradict the opinion.

*Id.* at 1301 (quotation omitted).

The ALJ recognized the timing of Mr. Eden's treatment for psychological impairments, his attempt to bolster his disability claims by seeking mental health treatment, his reluctance to comply with treatment, his denial of substance addiction while continuing to drink alcohol, the lack of evidence to support the conclusory opinions expressed in the Statement, and the inconsistency between the opinions expressed in the Statement and the progress notes. Under the circumstances, we conclude the ALJ gave specific and legitimate reasons for giving no weight to the opinions expressed in the Statement. *See id.*

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge