**Annie MURPHY, Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health & Human Services, Appellee.**

**No. 91–1857.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 24, 1991.

Decided Jan. 7, 1992.

Denver L. Thornton, El Dorado, Ark., for appellant.

Pamela M. Wood, Karen J. Sharf, Gayla Fuller, and J. Michael Fitzhugh, U.S. Attys., Dallas, Tex., for appellee.

Before ARNOLD, BEAM, and LOKEN, Circuit Judges.

ARNOLD, Circuit Judge.

The claimant, Annie Murphy, seeks supplemental security income benefits (SSI) for various ailments which she claims keep her from working. Both the state agency and the Social Security Administration denied the claimant's request. On March 28, 1989, a hearing was held before an administrative law judge (ALJ), who determined that the claimant was not disabled within the meaning of the Social Security Act. Review of this decision was denied by the Appeals Council on September 28, 1990. A complaint was filed on November 26, 1990, seeking a review of the Secretary's final decision. The District Court[1] held on summary judgment that there was substantial evidence to support the Secretary's decision. The claimant has now appealed to this Court, again challenging the Secretary's decision. We affirm.

I.

■ When reviewing the ALJ's[2] decision, we must determine "whether there is substantial evidence on the record as a whole to support" that decision. *Hutsell v. Sullivan*, 892 F.2d 747, 748–49 (8th Cir. 1989). "Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion." *Id.* at 749. This substantial-evidence test is "more than a mere search of the record for evidence supporting the Secretary's findings." *Gavin v. Heckler*, 811

F.2d 1195, 1199 (8th Cir.1987). The analysis must take into account "whatever in the record fairly detracts from [the] weight" of the evidence supporting the ALJ's decision. *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir.1989). "[T]he court must also take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory." *Gavin*, 811 F.2d at 1199.

■ With these guidelines in mind, we turn to the evidence presented in this case. The claimant, a 5'5", 200 lb. woman with an eighth-grade education, filed her claim for SSI benefits on May 4, 1988. She claimed to have been under a disability since March of 1988 due to a back injury, hypertension, and hemorrhoids. At her hearing, she also detailed problems with her neck, arms, legs, eyes, and bowel functions. She listed her previous job experience as an employee in a light-fixture factory and a poultry plant, as well as an assistant in a juvenile home and a cashier.

A number of her ailments appear to be relatively minor and easily treatable. The claimant failed to provide any evidence which indicated that the hemorrhoid problem interfered with her ability to work. The bowel-control problem that she detailed at the hearing appeared to be easily controlled through the maintenance of a proper diet. In fact, her testimony indicated that through proper eating habits, she has been able to control these accidents. Transcript at 46–47. She also complained of high blood pressure; however, the reading of $170/90$, which has been her highest recorded reading to date, indicates only moderate hypertension. In addition, she was prescribed medication to help control her blood pressure. Finally, the claimant stated that she had problems with dry eyes and her hands becoming red. Transcript at 40, 47. She presented no evidence, however, as to how these problems would prevent her from working.

[1]. The Hon. Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas.

[2]. The Hon. Newbern Chambers, Social Security Administrative Law Judge. The clarity of Judge Chambers's opinion, and the care with which he obviously wrote it, have greatly aided our review of this case.

The claimant's most serious complaint revolves around the injury to her back. This injury was originally sustained in 1943 when the claimant was struck in the back by a piece of metal while working at a shipyard. In recent years, she has developed pain in her neck and shoulder areas, as well as numbness and tingling in her arms and legs. These ailments have become more pronounced since the death of her mother in 1986.[3] Among the difficulties she attributes to these injuries are problems with driving and walking, inability to do yard work, and problems in performing activities such as writing and sewing. She also testified that her ailments made it difficult for her to stretch her arms out from her body and above her head. Transcript at 44–45. Despite these problems, however, she is able to drive, walk to nearby houses, do house work, go grocery shopping, and cook.

The medical evidence presented was fairly limited. The claimant was examined by Dr. Donna Zahniser on May 19, 1988, in conjunction with her application for SSI benefits. This examination revealed that there was normal curvature of the spine and a normal range of motion of the spine and all the joints and extremities. The neurological examination found no evidence of muscle weakness, muscle deterioration, or sensory problems. The claimant's walk and coordination were likewise normal. The examination indicated that she had hypertension and hemorrhoids (according to the history she gave Dr. Zahniser) and that she most likely had thoracic spine arthritis (arthritis located in the chest region of the spine). Transcript at 99–106.

After this examination, the claimant visited her personal physician, Dr. Berry Moore. He gave her prescriptions for Ibuprofen and Motrin, as well as various medications for her high blood pressure, circula-

tion, dry eyes, and an unspecified infection. Transcript at 93. Dr. Moore also referred the claimant to Dr. Dillard Denson for the purpose of further examination of her back. Dr. Denson's examination revealed some loss of nerve activity in the arm muscles, which indicated nerve-root compression (pressure) in the vertebrae in her neck. Accompanying x-rays also indicated a possibility that the claimant was experiencing cervical spondylosis (abnormal fusion of two vertebrae or deterioration in her back). The accompanying nerve tests, however, indicated that the conduction velocities for both median nerves were within normal limits.[4] Transcript at 109–111.

In addition to the medical evidence, the claimant also had two witnesses testify on her behalf. They were her son, Stacy Dolden, and her daughter, Penny Gardner. Both witnesses gave testimony which generally corroborated the claimant's subjective complaints. They could not, however, provide the ALJ with any additional medical evidence. Finally, the claimant described her financial difficulties to the ALJ, stating that she had no income and could not afford medical treatment. Transcript at 38–39, 48. She also stated that her son was unemployed. Transcript at 48. She did not provide any indication that she had attempted to secure low-cost medical care.

## II.

Upon review of the record as a whole, we think substantial evidence supports the Secretary's decision to deny the claimant SSI benefits. The ailments detailed by Mrs. Murphy, taken separately or as a group, simply do not rise to a level sufficient to indicate a disability. The evidence fails to reveal how claimant's complaints of dry eyes or red hands would impede her ability to function in the workplace. The

3. The claimant testified that the injury was aggravated while she was caring for her mother during the years immediately preceding her mother's death. Apparently, the claimant had to do a lot of lifting during this period of time. Transcript at 38.

4. The records of Dr. Moore and Dr. Denson were not available to the ALJ at the time of the

hearing. An attempt to forward this information to the ALJ, for some unexplained reason, failed to reach his chambers. Therefore, the ALJ's decision was rendered without the benefit of these records. The records, however, were forwarded to the Appeals Council, and they were taken into consideration when the Appeals Council declined review of the ALJ's decision.

hemorrhoid problem, which she noted on her application for benefits, is also not sufficient to merit an award.[5] The claimant's bowel-control problem also lacks the requisite severity to merit an award, as the evidence revealed that the accidents occur infrequently and can be controlled through the maintenance of a proper diet. Finally, the claimant's high blood pressure, which registered $^{170}/_{90}$ at its highest recorded point, fails to rise above the moderate level. Such a reading, even without medication, "does not qualify as a severe impairment under the Secretary's regulations, because it has not resulted in any end organ damage (*i.e.*, to the heart, eye, brain, or kidney)." *Brown v. Heckler*, 767 F.2d 451, 453 (8th Cir.1985).

Despite her protestations to the contrary, the ALJ also determined that the claimant's back injury was not of sufficient severity to render her disabled. The ALJ stated that claimant's probable thoracic spine arthritis did not equal the impairments detailed in the regulations. See 20 C.F.R., Pt. 404, Subpt. P, App. 1, 1.00 et seq. Additionally, the ALJ found that the claimant's subjective complaints of pain, numbness, and physical limitations were not credible. These decisions are supported by the evidence.

The medical evidence presented to the ALJ during the claimant's hearing consisted solely of the examination by Dr. Zahniser. That examination revealed that her range of motion was normal and that her nerve and muscle examinations revealed no deterioration. As a result, she was diagnosed as having possible thoracic spine arthritis.

In addition to the medical evidence, the claimant also provided subjective testimony as to how her disabilities affected her daily routine. The ALJ, making a credibility determination that he was entitled to make, found the claimant's testimony not credible. See, *e.g., Benskin v. Bowen*, 830 F.2d

878, 882–83 (8th Cir.1987). While the evidence indicated that the claimant had some form of back ailment, her testimony belied the fact that she was not capable of performing jobs comparable to her previous work experience. She was able to perform housework, cook, drive, do weekly grocery shopping, and walk to her son's or other nearby friend's residences.[6] This evidence could be seen as inconsistent with her testimony of debilitating pain. See, *e.g., Benskin*, 830 F.2d at 883. As in *Benskin, supra*, while the claimant was clearly experiencing some discomfort, her testimony about her daily activities, as well as the lack of any prescriptions for strong pain medication, supports the ALJ's decision that her testimony was not credible.

■ In addition to the medical and lay evidence concerning the claimant's ailments, she asserts her financial hardship as a reason for not pursuing additional treatment. Clearly, if the claimant is unable to follow a prescribed regimen of medication and therapy to combat her disabilities because of financial hardship, that hardship may be taken into consideration when determining whether to award benefits. *Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir.1984). While these hardships can be considered in determining whether to award a claimant benefits, however, the fact that she is under financial strain is not determinative. *Benskin*, 830 F.2d at 884.

In the present case, the ALJ's determination that the claimant's financial difficulties were not severe is supported by the evidence. While the claimant asserted that she was unable to purchase the requisite medicine or seek treatment from doctors because of these financial difficulties, the ALJ found that she was unable to qualify for a Medicaid card. This tends to counter her claim that she was suffering from severe financial hardships. In addition, there was no evidence that the claimant sought to obtain any low-cost medical treatment

---

5. Although not entirely clear from the record, it is apparent that the claimant has had surgery for this problem. Transcript at 40.

6. The evidence also revealed that the claimant's weight may have contributed to her difficulties

around the house. Transcript at 40. She testified that she was 50 pounds above her normal weight, and that her current weight gain was due to a lack of exercise and not to any specific medical problems. Transcript at 36.

from her doctor or from clinics and hospitals. Finally, there is no evidence that the claimant had been denied medical care because of her financial condition. *Cf. Benskin,* 830 F.2d at 884. Presented with this evidence, the ALJ could determine that the claimant's financial hardship was not severe enough to justify her failure to seek medical treatment. *Id.*

### III.

A canvassing of the record in this case illustrates that the ALJ's decision to deny the claimant SSI benefits is supported by substantial evidence on the record as a whole. The medical evidence indicates that the claimant does not have any ailments which would prevent her from performing her past relevant work (an issue on which the claimant has the burden of proof). While the claimant may have some financial problems, there is no evidence which shows that she has been prevented from obtaining or denied health care. Finally, the ALJ was within his discretion when he found the claimant's testimony not credible. Her testimony concerning daily routines could be found to be inconsistent with her complaints of debilitating medical problems. Therefore, we affirm the District Court's decision to uphold the ALJ's determination that the claimant does not qualify for SSI benefits.

The judgment of the District Court is affirmed.