982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Vivian J. ANDERSON, Appellee,
v.
Louis SULLIVAN, M.D., Secretary of Health and Human
Services, Appellant.
 No. 92-1610
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 15, 1992.
Filed: January 13, 1993.
 
 Before JOHN R. GIBSON, and WOLLMAN, Circuit Judges, and BATTEY,* District Judge.
 PER CURIAM.
 
 
 1
 Vivian J. Anderson (Anderson) appeals the magistrate judge's[1] affirmance of the Secretary's decision denying her Social Security Disability Benefits under Title II of the Social Security Act. The issues presented by Anderson's appeal are (1) whether the Administrative Law Judge was justified in discrediting Anderson's testimony of disabling pain; and (2) whether the Administrative Law Judge was justified in ending the sequential analysis at the second step, determining that the evidence did not establish that Anderson suffered from a severe impairment. We affirm.
 
 FACTS
 
 2
 Anderson was injured in 1972 when she fell down some stairs while at work. Her insured status for purposes of receiving disability benefits terminated on September 30, 1975. If Anderson is to receive disability benefits, she must establish that she was disabled within the meaning of the Act prior to September 30, 1975.
 
 
 3
 Following her injury, Anderson complained of ongoing pain in her left foot and ankle and, later, of low back pain, pain between her shoulder blades, headaches, and intermittent numbness and loss of muscle control in her left arm.
 
 
 4
 In 1977, Anderson filed an application for disability benefits. The local agency denied her application, denied it again upon reconsideration, and an administrative law judge (ALJ) subsequently denied the application again following a hearing. Anderson did not appeal the ALJ's 1977 decision.
 
 
 5
 In 1989, Anderson again filed an application for disability benefits. The local agency denied her application and denied it again upon reconsideration. Anderson was granted a hearing in front of an ALJ. At that hearing, Anderson, her husband, and a vocational expert testified.
 
 
 6
 Anderson testified that back in 1974 Dr. Slaughter had prescribed Valium and "a lot of strong medicine" for the pain she experienced. She also stated that she presently takes over-the-counter pain relievers. Anderson stated that since the time of her injury and up to the present, she is unable to stoop, bend, or reach and that she is in constant pain which she would rate a "10" on scale of one to ten. She also stated that she can stand for 15 minutes at a time, walk up to a block at a time, sit for 30 minutes at a time, and lift up to a one-half gallon carton of milk. Twice during the short hearing Anderson expressed discomfort. She stated that she rarely sleeps all night through, that her husband and daughter must help with the housekeeping chores, and that she frequently must rest after each activity. She has not worked at any job since her injury in 1972. She also stated that she did not get a workers compensation settlement for her injuries and has had to pay all her own doctor bills. For this reason, Anderson states that she has only gone to see a doctor when she "just [has] to go." Anderson has also been seeing a chiropractor periodically for her pain.
 
 
 7
 Anderson's husband basically corroborated Anderson's testimony concerning her daily activities. He also stated that because of the constant pain, Anderson is easily upset. The vocational expert stated that, given the limitations on her physical abilities which Anderson testified to, Anderson would be incapable to doing any of her past jobs (tester at a factory and sales clerk) or any other job existing in the national economy. In addition to the testimony presented at the hearing by Anderson, her husband, and the vocational expert, Anderson submitted as exhibits a number of reports from the doctors who had examined her.
 
 
 8
 Following the hearing, the ALJ entered a decision denying Anderson disability benefits because the ALJ found she was not suffering from a severe impairment as required by the second step in the sequential evaluation process set out by agency regulation. The ALJ specifically found Anderson's testimony regarding her pain to be not credible.
 
 
 9
 Anderson filed an administrative appeal to the Appeals Council, and the Council declined to hear the appeal. She then filed an appeal in federal district court. The magistrate judge affirmed the denial of benefits, finding that the Secretary's final decision was supported by substantial evidence in the record as a whole.
 
 DISCUSSION
 
 10
 Our standard of review of the Secretary's denial of benefits is whether the Secretary's decision is supported by substantial evidence in the record as a whole. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). The role of the reviewing court under 42 U.S.C. § 405(g) is to determine whether the Secretary's decision is supported by substantial evidence, not to reweigh the evidence or try the issues de novo. Id. The Secretary's findings must be affirmed if they are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. at 401.
 
 A. Discrediting Anderson's Testimony
 
 11
 Anderson's first argument for reversal is that the ALJ was not justified in discrediting her testimony of disabling pain. In this Court, Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) and its progeny set forth the rule as to when an ALJ may discredit a social security claimant's testimony as to pain:
 
 
 12
 The ALJ must decide if the claimant's complaints of pain are consistent with his or her prior work record and the observations of third parties and examining physicians regarding (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.
 
 
 13
 Although the ALJ may discount the subjective complaints of pain if there are inconsistencies in the evidence as a whole, he may not do so solely because the complaints are not fully supported by the objective medical evidence. Moreover, the ALJ must make express credibility determinations and set forth the inconsistencies in the record that lead him to reject the claimant's complaint. Finally, it is not enough for the record to contain inconsistencies in the evidence; the Secretary must demonstrate that he evaluated the evidence.
 
 
 14
 Jeffery v. Sec. Health & Human Servs., 849 F.2d 1129, 1132 (8th Cir. 1988) (citations omitted). See also Jernigan v. Sullivan, 948 F.2d 1070, 1073 (8th Cir. 1991); and Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir. 1991).
 
 
 15
 In this case, the ALJ found that the medical evidence did not establish the existence of a disability. The ALJ further found Anderson's complaints of pain to be not credible. The ALJ discredited Anderson's testimony based on four inconsistencies between her testimony and the record:
 
 
 16
 1. Anderson sought no treatment for her condition between September 1974, and January 1978.
 
 
 17
 2. Anderson took only aspirin and Tylenol for her pain.
 
 
 18
 3. Anderson's current activities, including doing the majority of the grocery shopping, laundry, and cooking, are inconsistent with the level of pain she describes.
 
 
 19
 4. Anderson's demeanor during the hearing did not corroborate her testimony.
 
 
 20
 The ALJ complied with the standard set out in Polaski for making a record of why he found Anderson's testimony to be unbelievable. Although this Court may not have reached the same conclusion as did the ALJ, the finding of the ALJ is supported by substantial evidence in the record as a whole.
 
 
 21
 The evidence of Anderson's two treating physicians was at odds in this case. Dr. Slaughter concluded that, although he could not place an objective diagnosis on Anderson's condition, he nevertheless felt that her symptoms were real and that Anderson was disabled. Dr. Thomas, the orthopedic specialist, felt that Anderson's pain resulted from emotional problems, that her back symptoms were unrelated to her foot injury, and that Anderson suffered from no permanent disability. Under these facts, we cannot say that the ALJ's finding was not supported by substantial evidence in the record as a whole or that there was a failure to comply with the Polaski standard.
 
 
 22
 B. Denying Benefits at Step Two of the Sequential Analysis
 
 
 23
 The regulations of the Social Security Administration establish a five-step sequential analysis that an ALJ is to go through to determine whether a claimant is entitled to Social Security Disability Benefits:
 
 
 24
 1. Is the claimant now engaged in substantial gainful activity?
 
 
 25
 2. Does the claimant have a severe impairment?
 
 
 26
 3. Does the claimant's impairment meet or equal an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1? If the answer is "yes," the claimant is entitled to benefits. If the answer is "no," proceed to step four.
 
 
 27
 4. Can the claimant return to her prior relevant work? If the answer is "yes," the claimant is not entitled to benefits. If the answer is "no," proceed to step five.
 
 
 28
 5. Can the claimant do any other work which exists in substantial numbers in the national economy?
 
 
 29
 See 20 C.F.R. 404.1520. Anderson's second argument for reversal of the ALJ's decision is that he was not justified in terminating the sequential analysis at step two.
 
 
 30
 The grounds upon which an ALJ can deny benefits at step two are somewhat limited. Dismissing an application for benefits at step two is justified only for "those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Bowen v. Yuckert, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L. Ed. 2d 119, (1987). See also id. at 158, 107 S. Ct. at 2300, 96 L. Ed. 2d at (O'Connor, J., concurring) (stating that benefits can be denied at step two only if the claimant suffers from "slight abnormalities that do not significantly limit any 'basic work activity.' ").
 
 
 31
 The evidence in this case establishes essentially that Anderson fell and sprained her ankle over twenty years ago and, from that incident, makes a claim of permanent impairment. We cannot conclude, given our limited scope of review on appeal, that Anderson's injury is not "so slight that it is unlikely [she] would be found to be disabled even if [her] age, education, and experience were taken into account" within the mandate of Yuckert. We find, therefore, that the ALJ was justified in terminating the sequential analysis at step two of the regulations.
 
 CONCLUSION
 
 32
 The Secretary's findings on the credibility of Anderson's testimony regarding her allegedly disabling pain are supported by substantial evidence in the record as a whole and comply with this Court's mandate in Polaski. Furthermore, the Secretary's denial of benefits to Anderson at step two of the sequential analysis is warranted by the facts presented in this case.
 
 
 33
 For the foregoing reasons, the judgment of the magistrate judge is affirmed.
 
 
 
 *
 The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation
 
 
 [1]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)