989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John Earl SMITH, Appellant,
v.
Donna E. SHALALA,* Secretary, Department of
Health & Human Services, Appellee.
 No. 92-2357.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 22, 1993.
Filed: March 8, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Earl Smith appeals from the judgment of the magistrate judge[1] upholding the Secretary's denial of social security disability insurance benefits and supplemental security income benefits. Smith alleged disability due to back pain, knee injury, a nervous condition, and dizzy spells. Upon careful review of the record, we affirm.
 
 
 2
 We will not reverse a denial of disability benefits if the Secretary's decision is supported by substantial evidence in the record as a whole. See 42 U.S.C. § 405(g); Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). We conclude the administrative law judge (ALJ) properly examined Smith's subjective complaints of pain under Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984) (subsequent history omitted), and discredited them because they were inconsistent with the record as a whole. Although Smith claimed to be allergic to Motrin, there is nothing in the record to suggest Smith would be allergic to other over-the-counter or prescription analgesics, or that he could not afford medical treatment. Smith's part-time labor jobs, his continuous efforts to look for work, and his refusal to undergo knee surgery also adequately support the ALJ's finding that Smith's subjective complaints of pain were not credible.
 
 
 3
 We reject Smith's argument that the ALJ had a duty to develop the record with regard to his literacy and a possible psychological disorder. Although Smith vaguely complained about his nerves in his applications and at the hearing, there was no credible objective evidence of a mental impairment to require the ALJ to inquire further. The result of Smith's Minnesota Multiphasic Personality Inventory (MMPI) was submitted with a prior application, and in any event, the psychologist's report indicated Smith engaged in purposeful exaggeration on the test.
 
 
 4
 We also reject Smith's argument that the magistrate judge abused his discretion in denying Smith's motion to supplement the record. See Thomas v. Sullivan, 928 F.2d 255, 260 n.6 (8th Cir. 1991). Even if the new evidence Smith wished to add to the record related to his condition on or before the date of the ALJ's decision, Smith did not show good cause for failing to submit this new evidence to the Appeals Council between March 31, 1991, and August 1, 1991. Cf. id. at 260 (fact that new evidence did not exist at time of hearing and Appeals Council's review is cause for failure to include it in administrative proceedings).
 
 
 5
 Accordingly, we affirm.
 
 
 
 *
 Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, M.D., as an appellee in this action pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c)