991 F.2d 801
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Susan LASSWELL, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 92-3300.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 29, 1993.
Filed: April 9, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Susan D. Lasswell appeals from the judgment of the district court[1] upholding the Secretary's denial of social security disability insurance benefits and supplemental security income benefits. Lasswell applied for benefits in 1988, alleging disability as of 1981 due to residual pain resulting from two automobile accidents. Upon careful review of the record, we affirm.
 
 
 2
 We will not reverse a denial of disability benefits if it is supported by substantial evidence in the record as a whole. See 42 U.S.C. § 405(g); Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). We conclude the administrative law judge (ALJ) properly discounted Dr. Bazzano's conclusion that Lasswell was disabled because of her multiple problems. It appears Lasswell saw Dr. Bazzano only for disability purposes, and Dr. Bazzano's conclusions are not supported by medical findings.
 
 
 3
 We reject Lasswell's argument that the ALJ erred in crediting the conclusions of the consulting physicians with respect to her physical problems. Lasswell had seen Dr. Pennington as her treating physician relatively frequently from March 1986 to 1989. Unlike Dr. Bazzano, Dr. Pennington made complete medical records of her visits that were not for disability, and concluded that Lasswell was not disabled. Drs. Brown and Schwartz, consulting physicians, agreed with Dr. Pennington. We conclude the ALJ properly developed the record regarding Lasswell's psychological condition. The psychologist's evaluation (obtained on the ALJ's order) was more reliable than the unsupported conclusion of Dr. Bazzano, an osteopath with no evident psychological training.
 
 
 4
 The ALJ properly considered Lasswell's subjective complaints of pain under Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984) (subsequent history omitted), and discredited them because they were inconsistent with the record as a whole. The ALJ detailed at length the inconsistencies detracting from Lasswell's credibility.
 
 
 5
 We conclude the hypothetical question posed to the vocational expert properly included all impairments that were supported by substantial evidence, and excluded Lasswell's other alleged impairments, including pain, which the ALJ had reason to discredit. See Rappoport v. Sullivan, 942 F.2d 1320, 1323 (8th Cir. 1991) (hypothetical question must include only impairments which ALJ accepts as true).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Dean Whipple, United States District Judge for the Western District of Missouri