16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Melissa Tompkins WALLS, Plaintiff Appellant,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant Appellee.
 No. 93-1672.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 9, 1993.
Filed: January 27, 1994.
 
 Before HANSEN, Circuit Judge, JOHN R. GIBSON*, Senior Circuit Judge, and MELLOY**, Chief District Judge.
 PER CURIAM.
 
 
 1
 Melissa Tompkins Walls appeals the judgment entered by the magistrate judge[1] upholding the decision of the Secretary of Health and Human Services to deny her request for disability and social security income benefits. Walls argues that the Secretary's decision is not supported by substantial evidence. We affirm.
 
 
 2
 Prior to 1990, Walls worked at various times as a cashier, convenience store manager, assembler, and secretary. She asserts that she became disabled when she gained eighty to ninety pounds after quitting her last job. The parties agree that Walls suffers from significant physical difficulties. Although only five feet five and one-half inches tall, she weighs in excess of 350 pounds. She does not drive because she cannot fit behind the wheel of a car. She cannot lift heavy objects. Standing, walking, or sitting for long periods of time is, she testified, difficult. Nonetheless, Walls assists in a number of household chores, albeit in a limited fashion and typically while sitting down.
 
 
 3
 Walls applied for benefits in May 1990, alleging disability from October 1989. Her claimed impairments included obesity, back pain, swollen ankles and shortness of breath. The Social Security Administration denied her claims initially and again upon reconsideration. After conducting a hearing, an administrative law judge determined Walls possessed the residual functional capacity to perform her past relevant work, and thus was not disabled. After the Appeals Council denied her request for review, Walls contested the Secretary's decision in the district court. The magistrate judge granted summary judgment for the Secretary. This appeal followed.
 
 
 4
 This court will not reverse a denial of disability benefits if it is supported by substantial evidence in the record as a whole. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Murphy, 953 F.2d at 384. Walls concedes in her brief on appeal that she does not qualify under any of the impairments specifically enumerated in the applicable regulations. See 20 C.F.R. Part. 404, Subpart P, App. 1, Sec. 10.10 (1993). Thus, to obtain benefits, she had to prove, inter alia, the existence of a severe impairment that prevented her from performing her past relevant work. 20 C.F.R. Sec. 404.1520(c), (d). The administrative law judge found that although Walls suffered from "severe lumbar back strain secondary to morbid obesity," she could perform her past relevant work.
 
 
 5
 Walls previously worked as a secretary. She admitted at the hearing that she was capable of returning to this occupation, and applied for such positions after her claimed onset date. Walls' claim that prospective employers will not hire her because of her obesity is not relevant to a disability determination. Cronkhite v. Sullivan, 935 F.2d 133, 134 (8th Cir. 1991); Glassman v. Sullivan, 901 F.2d 1472, 1474 (8th Cir. 1990). Moreover, the available medical evidence supports the conclusion that Walls could perform light to sedentary work. For example, Dr. Richard Hester concluded that Walls could "perform all of the work-related tasks asked of her here in the office." After considering all of the evidence, we find substantial evidence supporting the Secretary's denial of benefits.
 
 
 6
 Walls also contends that the administrative law judge improperly discounted her subjective complaints of disabling pain. The administrative law judge, however, expressly stated that he found Walls' testimony "fairly credible." Nonetheless, Walls' efforts to obtain employment, her daily activities, and the lack of objective medical evidence support his finding that Walls' pain was not disabling.
 
 
 7
 Finally, Walls argues that the Appeals Council erred in rejecting her claim of disabling mental impairments. She directs this court to Dr. W. Gerald Fowler's report following a single post-hearing visit, which diagnosed somatization, somatoform pain, and personality disorders. This isolated report fails to establish the sort of prolonged medical history characteristic of these diseases. Moreover, the substantial evidence supporting the finding that Walls possessed the ability to perform work-related tasks provides ample basis for the conclusion that any mental disorder Walls suffers from is not disabling.
 
 
 8
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed
 
 
 **
 The HONORABLE MICHAEL J. MELLOY, Chief District Judge for the Northern District of Iowa, sitting by designation
 
 
 [1]
 The Honorable Jerry W. Caveneau, United States Magistrate Judge for the Eastern District of Arkansas