23 F.3d 1441
 44 Soc.Sec.Rep.Ser. 441, Unempl.Ins.Rep. CCH (P) 17792A
Ronald D. RICHMOND, SS # ogu-em-kywl Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 93-2720.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 13, 1994.
Decided May 11, 1994.
 
 Anthony Bartels, Jonesboro, AR, argued, for appellant.
 Martin Long, Asst. Regional Counsel, Dallas, TX (Paula J. Casey, Gayla Fuller and Charlene Seifert, on the brief), argued, for appellee.
 Before HANSEN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and KOPF,* District Judge.
 HANSEN, Circuit Judge.
 
 
 1
 Ronald D. Richmond appeals the district court's[1] order of summary judgment dismissing his claim for disability insurance benefits under Title II of the Social Security Act and for supplemental security income benefits under Title XVI of the Act. We affirm.
 
 I.
 
 2
 Richmond filed for disability insurance benefits and supplemental security benefits on September 27, 1990, alleging disability from a back injury that occurred on May 9, 1989. The Department of Health and Human Services denied his claim both initially and upon reconsideration. Richmond requested a hearing before an Administrative Law Judge (ALJ).
 
 
 3
 At the time of the administrative hearing, Richmond was a 40-year-old man with a tenth grade education and past work experience as a deck hand, mate, and assistant engineer on river barges. He has not worked since May 9, 1989, when he sustained the back injury at work. Since that time, Richmond had been undergoing treatment for his back injury from neurological surgeons Dr. Allen Boyd and Dr. Margaret Todd, both of whom concluded that Richmond should limit his activity at work to light duties. Since September 1989, Richmond has been treated intermittently with lumbar epidural injections from Dr. Kit S. Mays that have been temporarily effective in relieving Richmond's back pain. The report of a one-time consulting physician, Dr. Samir Dawoud, concluded that Richmond was unable to perform heavy manual labor and recommended greater restrictions on Richmond's functional capabilities than did Richmond's treating physicians.
 
 
 4
 The evidence before the ALJ also showed that Richmond suffers an atrial fibrillation (irregular heartbeat) which was diagnosed during a hospitalization in late August and early September of 1989. His heart condition was initially controlled by oral medication but now remains stable absent any medication. Richmond has a history of alcohol abuse, but he has discontinued drinking, and the ALJ found that this history does not affect his current impairments. The ALJ noted that Richmond is taking prescription pain medication. Doctors noted one episode of anxiety and emotional stress that required no medication, and Richmond has neither sought nor obtained treatment for any mental impairment.
 
 
 5
 Based upon this evidence, the ALJ concluded that Richmond has medically determinable impairments not equalling a listed impairment in severity, that Richmond has the residual functional capacity to perform the full range of light work, and that therefore, Richmond is not disabled. Accordingly, the ALJ denied benefits. Richmond submitted additional medical evidence of a one-time examining physician, Dr. B. Eliot Cole, after the ALJ denied his claim, but the appeals council determined that this report did not provide a basis to overturn the findings of the ALJ. The appeals council refused to grant Richmond's request for review, and the ALJ's decision became final agency action.
 
 
 6
 Richmond sought judicial review. The district court affirmed the decision of the Secretary on summary judgment. Richmond appeals.
 
 II.
 
 7
 Richmond contends that the Secretary's decision is not supported by substantial evidence on the record as a whole because the ALJ improperly discredited his subjective complaints of pain. Richmond complains of pain that prevents him from standing or sitting for extended periods of time and of side effects from his medications. Our review of the denial of social security benefits is limited to determining whether substantial evidence in the record supports the Secretary's decision. Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir.1992). An ALJ "must give full consideration to all of the evidence presented relating to subjective complaints" and is not free to discredit those complaints "solely because the objective medical evidence does not fully support them." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.1984) (subsequent history omitted). An ALJ may discredit subjective complaints only if they are inconsistent with the evidence on the whole record. Id.
 
 
 8
 The ALJ's determination that Richmond's subjective complaints of pain were not totally credible is supported by substantial evidence on the record as a whole. The ALJ described the Polaski factors and detailed his reasons for discrediting the severity of Richmond's subjective complaints. (R. at 16-17.) Contrary to Richmond's assertions, the ALJ did consider his prescription medication and the side effects that he claimed to suffer. The ALJ noted, however, that although Richmond complained of side effects at the hearing, there was no medical evidence that Richmond had complained to doctors about significant side effects. Furthermore, the lack of strong pain medication is inconsistent with subjective complaints of disabling pain. Murphy v. Sullivan, 953 F.2d 383, 386 (8th Cir.1992). The ALJ's conclusion that the "apparent effectiveness of treatment and the functional restrictions are factors, in addition to the objective medical findings, which do not fully support the claimant's subjective complaints," (R. at 17), is supported by substantial evidence.
 
 
 9
 The report of one-time consulting physician Dr. Cole, submitted to the appeals council after the ALJ denied benefits, indicates the existence of a somatiform pain disorder, suspected cluster personality disorder, and moderate to severe stress rendering Richmond disabled. The appeals council found that this evidence was not sufficient to overturn the ALJ's findings. When new evidence is submitted to the appeals council and the appeals council has considered the evidence, this court then determines "whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision." Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir.1992); see also Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994) (noting that this standard requires us to speculate on how the ALJ would have weighed the new evidence, "a peculiar task for a reviewing court").
 
 
 10
 We have considered the report of Dr. Cole and find it to be in contradiction with the reports of Richmond's treating physicians. Nevertheless, "[a] consulting physician's opinion as to a patient he has seen only once ... does not constitute substantial evidence ..., especially when contradicted by the evaluation of the claimant's treating physician." Onstead, 962 F.2d at 805 (internal quotations omitted). Richmond's application does not claim a disabling mental impairment. His treating physicians note only one episode of anxiety, and they never treated Richmond for a mental impairment. See Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir.1993) (discrediting report of one-time physician who found disabling mental impairments by noting that a mental impairment was not alleged in application, that claimant never previously sought or was referred for mental health treatment, and that the treating physician noted only occasional periods of anxiety). Richmond's treating physicians were of the opinion that Richmond could not perform heavy labor but could engage in substantial gainful activity consisting of light work duties. A treating physician's opinion concerning an applicant's physical limitations is entitled to substantial weight. Miller v. Shalala, 8 F.3d 611, 613 (8th Cir.1993). We conclude that because Dr. Cole's report is inconsistent with the findings of Richmond's treating physicians, it does not constitute substantial evidence to overturn the findings of the ALJ.
 
 
 11
 Richmond also contends that the ALJ should not have used the Medical-Vocational Guidelines in view of his subjective complaints of pain and mental impairments. We have already concluded that the ALJ properly discredited Richmond's complaints of pain and that the new evidence of a mental impairment is not credible. The ALJ's determination that Richmond has no nonexertional impairments that limit his ability to perform the full range of light work is supported by the record, and therefore, the ALJ properly relied on the guidelines to direct a finding of not disabled without vocational expert testimony. See Russell v. Sullivan, 950 F.2d 542, 546 (8th Cir.1991).
 
 III.
 
 12
 Having fully considered and rejected all of Richmond's claims on appeal, we affirm the district court's grant of summary judgment in favor of the Secretary.
 
 
 
 *
 The HONORABLE RICHARD G. KOPF, United States District Judge for the District of Nebraska, sitting by designation
 
 
 [1]
 The Honorable Elsijane T. Roy, United States Senior District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas