74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Javier H. GALDEAN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-2078.
D.C. No. CIV 92-217 JP/DJS.
 United States Court of Appeals, Tenth Circuit.
 Jan. 23, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[2]
 ROBERT H. HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Javier H. Galdean appeals from an order of the district court affirming the Secretary's determination that he is not eligible for Social Security benefits. We affirm.
 
 
 3
 Mr. Galdean applied for Title II and Title XVI benefits alleging disability as of July 18, 1985, due to a bad back. The administrative law judge denied benefits at step five, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), holding Mr. Galdean could perform the full range of sedentary work.
 
 
 4
 On appeal, Mr. Galdean argues the record does not contain substantial evidence to support the determination that he is not disabled, particularly because Dr. Racca, his treating physician, stated he did not think Mr. Galdean was able to work. Mr. Galdean further asserts the Secretary produced no positive evidence that he retained the residual functional capacity for sedentary work. He also argues his testimony as to his pain was credible.
 
 
 5
 "We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994) (citations and quotation omitted). At step five, the Secretary has the burden of showing the claimant can perform substantial gainful activity. See Williams, 844 F.2d at 751.
 
 
 6
 Mr. Galdean argues the Secretary should have accepted Dr. Racca's statement that he did not think Mr. Galdean was able to work as controlling evidence that he was disabled. The Secretary will give controlling weight to a treating physician's opinion regarding disability only "if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record." Castellano, 26 F.3d at 1029. However a treating physician's opinion of whether a claimant is totally disabled "is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the Secretary." Id.
 
 
 7
 The administrative law judge rejected Dr. Racca's opinion because Dr. Racca's own office records did not support his conclusion and because Dr. Racca had not seen Mr. Galdean for several years when he offered his opinion. Both Dr. Racca and Dr. McCutcheon, Mr. Galdean's initial treating physician, had earlier estimated Mr. Galdean suffered from a permanent partial impairment of fourteen to fifteen percent for worker's compensation purposes. Appellant's App. at 249, 251. In his statement, Dr. Racca did not suggest Mr. Galdean's condition had deteriorated since he had offered the permanent partial impairment opinion. The administrative law judge properly rejected Dr. Racca's ultimate conclusion that Mr. Galdean was currently totally disabled.
 
 
 8
 Dr. Wershaw, a consulting physician, stated that "considering the patient's limited ability to perform any form of work other than physical labor, and his limited education, that for all intents and purposes he is totally disabled at this time." Id. at 277. This statement is also not dispositive. Dr. Wershaw focused only on the facts that Mr. Galdean had previously performed physical labor which he could no longer do and that Mr. Galdean had a limited education. He did not consider whether vocational rehabilitation would enable Mr. Galdean to work at a sedentary level.
 
 
 9
 Mr. Galdean argues that the Secretary failed to produce positive evidence that he retained the residual functional capacity for sedentary work. Mr. Galdean points to Dr. Racca's statement that he could sit for only two hours at a time as evidence that he could not work at a job requiring prolonged sitting. A sedentary job requires sitting for approximately six hours of an eight hour work day and standing no more than two hours. Soc. Sec. R. 83-10. Dr. Racca stated Mr. Galdean could sit "no longer than two hours at a time during a six to eight hour work day" and stand "one hour at a time during a four to eight hour work day." Appellant's App. at 250. Thus, Dr. Racca did not limit the amount of hours Mr. Galdean could work, but rather length of time he could sit or stand without a change of position during the work day. Dr. Racca's statements do not indicate Mr. Galdean cannot perform sedentary work.
 
 
 10
 Mr. Galdean argues his testimony as to his pain was credible. Credibility determinations are the province of the factfinder which we will not overturn if they are supported by substantial evidence. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir.1995).
 
 
 11
 Mr. Galdean testified that he used only ice for his back pain and Tylenol for headaches. Appellant's App. at 96. This minimal use of pain medication belies Mr. Galdean's complaints of severe intractable pain as does the fact that he had not sought medical attention for several years. Indeed, the record shows that prior to a visit in early 1987, Mr. Galdean had not sought medical attention for nine months. After that visit, he did not return to Dr. Racca or seek other medical attention for two and one-half years.
 
 
 12
 The administrative law judge also acknowledged Mr. Galdean's statement that he had not sought medical attention due to poverty. However, Mr. Galdean received $60,000 in settlement of his worker's compensation claim and counsel stated Mr. Galdean could not qualify for general assistance because he had $300.00 in savings. Further, the record contains no evidence Mr. Galdean sought medical treatment, but was refused for an inability to pay. See Murphy v. Sullivan, 953 F.2d 383, 386-87 (8th Cir.1992)(failure to seek low-cost medical treatment and lack of evidence claimant had been denied medical care because of financial condition supports determination that claimant's financial hardship was not severe enough to justify failure to seek medical treatment).
 
 
 13
 The administrative law judge's conclusion that Mr. Galdean's testimony regarding the severity of his pain was not credible is supported by substantial evidence. See Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987)(identifying factors to be considered in evaluating a claimant's credibility regarding pain).
 
 
 14
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3