# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2111

_____

Louisa Shelton,          *
                        *
        Appellant,      *
                        *   Appeal from the United States
   v.                    *   District Court for the
                        *   Eastern District of Arkansas.
Kenneth S. Apfel, Commissioner of   *
Social Security,         *         [UNPUBLISHED]
                        *
        Appellee.       *

_____

Submitted: November 26, 1998

Filed: December 14, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Louisa Shelton appeals the district court's[1] grant of summary judgment affirming the Social Security Commissioner's decision to deny her application for disability insurance benefits (DIB) and supplemental security income (SSI). We affirm.

_____

[1] The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Ms. Shelton filed the instant applications for DIB and SSI alleging she was disabled due to degenerative arthritis, chronic pain, and muscle stiffness in the neck, shoulders, and right arm and leg. The administrative law judge (ALJ) found that Ms. Shelton did not have a severe impairment. Ms. Shelton contends that the ALJ improperly failed to consider the assessment of her treating physician.

We review the ALJ's decision to determine whether it is supported by substantial evidence in the record as a whole--that is, whether there exists relevant evidence that a reasonable person might accept as adequate to support the conclusion. See Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992) (standard of review). We find that the ALJ did not err in discounting Ms. Shelton's subjective complaints of pain under the standards set out in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ considered the minimal objective medical evidence and the lack of large doses of pain medication. See Richmond v. Shalala, 23 F.3d 1441, 1443-44 (8th Cir. 1994) (lack of strong pain medication is inconsistent with complaints of disabling pain); Beeler v. Bowen, 833 F.2d 124, 126-27 (8th Cir. 1987) (absence of objective medical evidence is one factor ALJ may consider); see also Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990) (if ALJ explicitly discredits claimant's testimony and gives good reason for doing so, this court normally defers to ALJ's judgment).

We also find that the ALJ did not err in discounting the opinion of Ms. Shelton's treating physician, as his assessment was based primarily on Ms. Shelton's subjective statements regarding her level of pain, and Ms. Shelton's mental examination indicated that she was prone to report physical ailments in response to stress. See Ostronski v. Chater, 94 F.3d 413, 421 (8th Cir. 1996) (physician's opinion of disability properly given less than controlling weight when unaccompanied by objective findings, but instead is based solely on subjective complaints).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.