# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3758

_____

Bobby Ray Ellis,                                    *
                                                    *
            Appellant,                              *
                                                    *    Appeal from the United States
      v.                                            *    District Court for the
                                                    *    Western District of Arkansas
Kenneth S. Apfel, Commissioner of                   *
Social Security,                                    *         [UNPUBLISHED]
                                                    *
            Appellee.                               *

_____

Submitted:  December 29, 1998

Filed:  October 13, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
      ARNOLD, Circuit Judges.

_____

PER CURIAM.

      Bobby Ray Ellis appeals from the final judgment entered in the District Court for
the Western District of Arkansas affirming the Social Security Commissioner's decision
to deny Ellis's application for disability insurance benefits (DIB) and supplemental
security income (SSI) prior to November 21, 1995.  For the reasons discussed below,
we reverse and remand with instructions that the district court order the Social Security
Administration (SSA) to grant benefits from May 19, 1995, or to obtain the testimony

of a vocational expert (VE) stating what jobs Ellis could perform in the economy between May and November 1995.

Ellis filed the instant applications for DIB and SSI alleging disability due to a heart condition and high blood pressure. On the SSA's motion, the district court initially remanded the SSA's adverse decision for further proceedings, and an administrative law judge (ALJ) conducted a supplemental hearing. The ALJ found that Ellis had been disabled since November 21, 1995, and was eligible for DIB and SSI commencing that date. The ALJ further found that prior to November 21, Ellis had severe impairments, but they did not meet or equal a listed impairment, and that he could not return to his past relevant work, but he could perform the full range of light work. Ellis contends that the ALJ erred in denying benefits prior to November 21, and that the ALJ was required by the district court's initial remand order to use VE testimony.

We review the ALJ's decision to determine whether it is supported by substantial evidence in the record as a whole--that is, whether there exists relevant evidence that a reasonable person might accept as adequate to support the conclusion. See Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). We find that the ALJ relied upon proper factors in discounting Ellis's subjective complaints of pain under the standards set out in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ considered the lack of an opinion by treating physicians that Ellis was totally disabled prior to November 1995, Ellis's lack of prescription medication, and his failure to seek medical treatment from December 1993 through March 1995. See Johnson v. Chater, 108 F.3d 942, 947 (8th Cir. 1997) (failure to seek regular medical treatment is inconsistent with complaints of disabling pain); Richmond v. Shalala, 23 F.3d 1441, 1443-44 (8th Cir. 1994) (lack of strong pain medication is inconsistent with complaints of disabling pain); Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir. 1992) (opinion of treating physician entitled to substantial weight). Absent credible evidence of nonexertional impairments, the ALJ could properly rely on the Medical-Vocational

Guidelines, rather than VE testimony, to direct a conclusion. <u>See</u> <u>Shannon v. Chater</u>, 54 F.3d 484, 488 (8th Cir. 1995).

We find, however, that the ALJ failed to consider the assessment of Ellis's examining physician in May 1995, which limited Ellis to walking one hour per day, limited his ability to push and pull, and imposed several nonexertional restrictions that would impair his ability to perform the full range of light work. <u>See</u> 20 C.F.R. §§ 404.1567(b), 416.967(b) (1998) (definition of light work). Because the ALJ did not provide any basis for discrediting the physician's assessment and did not obtain VE testimony stating that Ellis was able to perform a significant number of jobs in the economy, we reverse and remand for further proceedings. <u>See</u> <u>Onstead v. Sullivan</u>, 962 F.2d at 805.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-